E-FILED
Thursday, 07 April, 2022  01:58:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEREMIAH V. HILL,                    )
   Plaintiff,                      )
                                     )
vs.                                  )          Case No. 21-cv- 2191
                                     )
MACON COUNTY JAIL,                   )
   Defendant                       )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to amend his complaint. [13].

## I. BACKGROUND

Plaintiff's case was dismissed prior to merit review of his complaint for failure to prosecute with due diligence and failure to abide by Court orders. *See* September 27, 2021 Text Order. The Court had repeatedly advised Plaintiff he must immediately inform the Court in writing of any change in his mailing address. Nonetheless, various orders sent to the address provided were returned to the Clerk of the Court.

On November 3, 2021, the Court allowed Plaintiff's motion to reconsider the dismissal of his lawsuit. *See* November 3, 2021 Case Management Order.  Plaintiff adequately explained his failure to update his address due to multiple transfers and a period in quarantine due to a COVID-19 diagnosis.

1

However, after the Court conducted a merit review of his claims, Plaintiff's complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* November 3, 2021 Case Management Order.  Plaintiff simply included a long list of complaints concerning his incarceration at the Macon County Jail.

> Plaintiff's complaint does not provide adequate notice of his claims. For instance, Plaintiff does not provide time frames for any of his allegations, nor does he identify any Defendants who were responsible for his claims.  Did Plaintiff complain to any specific individuals about his complaints?  Did he receive a response?  When and how did he complain?  November 3, 2021 Case Management Order, p. 2-3.

Plaintiff was given time to file an amended complaint and directions to assist him in clarifying his claims.  "For each claim, Plaintiff must provide a brief statement explaining when the incident or living condition occurred, what impact the condition had on Plaintiff, which Defendants were responsible for the condition, how or when the Defendant learned about the condition, and what response Plaintiff received."  November 3, 2021 Case Management Order, p. 3.   Plaintiff was advised if he did not file an amended complaint by the deadline or failed "to follow the Court's directions, his case will be dismissed." November 3, 2021 Case Management Order, p. 4.

Finally, the Court noted Plaintiff was ordered to pay an initial partial filing fee of of $61.82, but Plaintiff had not made any payments. *See* August 24, 2021 Text Order. Since Plaintiff had been transferred on multiple occasions, the Court extended the deadline to pay the initial fee to November 24, 2021.  "Plaintiff is reminded if he fails to make this payment or fails to explain why he has failed to make this payment, his lawsuit could be dismissed." November 3, 2021 Case Management Order, p. 4.

## II. MERIT REVIEW

Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [13].  The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has wholly ignored the Court's November 3, 2021 Order.  Plaintiff has identified two Defendants: the Macon County Jail and Correctional Officer Flannery. The jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Plaintiff then again lists thirteen separate complaints about his living conditions in the Macon County Jail.   Rather than provide specific time frames, Plaintiff has provided two dates: June 20, 2021 and July 15, 2021.  Rather than state who was responsible for the allegations, Plaintiff refers to "they." (Amd. Comp., p.5-6).  The only mention of Defendant Flannery is Plaintiff's claim that the officer determined "some" grievances were unfounded. (Amd. Comp., p. 6).  Plaintiff does not indicate which of his complaints were included in the grievances.[1]

---

[1] Plaintiff is also advised he must be able to demonstrate he exhaust all available administrative remedies for ALL claims prior to filing his lawsuit.  *See* **Error! Main Document Only.**42 U.S.C. §1997e(a).

Plaintiff's amended complaint is again a violation of Rule 8 of the Federal Rules of Civil Procedure. "[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Because Plaintiff is proceeding pro se, the Court will allow one FINAL opportunity to file an amended complaint. However, Plaintiff is admonished if he again ignores the Court's directions, this case will be dismissed with prejudice. His amended complaint must stand complete on its own and must not refer to a previous complaint or filing.

The Court has previously advised Plaintiff he cannot combine unrelated claims against different defendants in one lawsuit. *See* November 3, 2021 Case Management

Order, p. 3, *citing* G*eorge v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). To explain further, Plaintiff can likely combine several claims concerning his living conditions such as showers flooding, a lack of recreation time, limited phone time, no sanitizer, mold, and poor air circulation; if he can demonstrate the same Defendant or Defendants knew about the problems but took no action. Beyond Officer Flannery, did Plaintiff complain to any other officers? Was the Jail Administrator aware of the problems? Plaintiff **must** also provide the time frame he endured these conditions. Was it during his entire stay?

Plaintiff also alleges he was denied pens and copies for legal work. To state a claim based on a denial of access to the Court, Plaintiff's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006). Also, who did Plaintiff ask for pens or copies, but failed to provide them? Plaintiff cannot simply list issues which did not directly impact him.

Plaintiff further alleges his legal mail was opened. What specific mail was opened? When was it opened and does Plaintiff know who was responsible? Plaintiff also alleges there were no ladders on the bunk beds. How did this impact Plaintiff? Was he in a top bunk? Did he fall? When, and who knew about the problems he was facing?

Finally, the Court notes Plaintiff has still not paid the required $61.82 initial filing fee.  The Court will allow one final extension of time. Plaintiff MUST either pay the fee or explain why he has not made the payment.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted. [13].

2) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

3) Plaintiff must file an amended complaint clarifying his claims on or before April 29, 2022.  If Plaintiff does not file an amended complaint by the deadline or again ignores the Court's instructions, his case will be dismissed with prejudice.

4)  Plaintiff must pay the $61.82 initial partial filing fee on or before April 29, 2022.  Plaintiff must either pay the initial fee or provide an explanation for why he is unable to pay the fee.  If Plaintiff does neither, his case could be dismissed.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and to set an internal merit review deadline within 30 days of this order.

Entered this 7th day of April, 2022.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE