UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH V. HILL, )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>MACON COUNTY JAIL, )<br>  Defendant ) | Case No. 21-cv- 2191 |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Second Motion for Leave to File an Amended Complaint. [15].

I. BACKGROUND

Plaintiff's case was initially dismissed prior to merit review when Plaintiff failed to provide his current address. *See* September 27, 2021 Text Order. The Court granted Plaintiff's Motion to Reconsider after Plaintiff explained he was unable to update his address due to multiple transfers and a period in quarantine after a COVID-19 diagnosis. *See* November 3, 2021 Case Management Order

Nonetheless, Plaintiff's initial complaint was still dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* November 3, 2021 Case Management Order. Plaintiff had listed a variety of issues with his incarceration at the Macon County Jail but failed to provide time frames or identify responsible Defendants. The Court explained the deficiencies in Plaintiffs' pleading including what additional

information was needed and allowed Plaintiff additional time to file an amended complaint to address those deficiencies. *See* November 3, 2021 Case Management Order, p. 2-3.

Plaintiff filed an amended complaint, but "wholly ignored" the Court's directions. *See* April 7, 2022 Case Management Order, p. 3.

> Plaintiff again lists thirteen separate complaints about his living conditions in the Macon County Jail. Rather than provide specific time frames, Plaintiff has provided two dates: June 20, 2021 and July 15, 2021. Rather than state who was responsible for the allegations, Plaintiff refers to "they." (Amd. Comp., p.5-6). The only mention of Defendant Flannery is Plaintiff's claim that the officer determined "some" grievances were unfounded. (Amd. Comp., p. 6). Plaintiff does not indicate which of his complaints were included in the grievances. April 7, 2022 Case Management Order, p. 3.

The Court again found Plaintiff's complaint was a violation of Rule 8 of the Federal Rules of Civil Procedure. The Court explained while district courts had a responsibility to construe pro se complaints liberally, those "general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011). "Leave to replead will not be allowed after 'repeated failure to cure deficiencies by amendments previously allowed.'" April 7, 2022 Case Management Order, p. 4, *quoting Foman v Davis*, 371 U.S. 178, 182 (1962).

Plaintiff was given one final opportunity to amend his complaint and specific directions to assist Plaintiff in clarifying his claims. *See* April 7, 2022 Case Management Order, p. 4-5. Plaintiff was further admonished he could not combine unrelated claims

against different defendants in one lawsuit. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

II.  MERIT REVIEW

Plaintiff's Second Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [15]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff again lists only one Defendant: Macon County Jail Correctional Officer Flannery.  Plaintiff says he does not know the name of any other officer and included Defendant Flannery because he responded to his grievance.

Plaintiff's complaint alleges two, seemingly unrelated claims.   First, Plaintiff says his legal mail was continually opened during the first shift at the jail.  Plaintiff describes the mail as mail from his attorney or "legal court mail." (Sec.Amd.Comp., p. 5).  However, Plaintiff says he cannot identify any officer involved in his claim because he was asleep when the mail was delivered, and he has not provided a time frame for this allegation.

Prison or jail officials may open an inmate's legal mail in his presence, but repeated instances of opening legal mail outside the inmate's presence states a constitutional violation. *See Greeno v. Litscher*, 13 Fed.Appx. 370, 375–76 (7th Cir. 2001), *citing Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306–07 (7th Cir.1993). However, the Court notes "'legal mail' is generally mail from an inmate's attorney, not mail from a court or other public agency." *Warren v. Illinois Dept. of Corrections*, 2012 WL 2574768, at *2 (C.D.Ill. July 2, 2012).

Plaintiff may have a First Amendment claim based on the opening of mail from his attorney outside his presence, but he has failed to provide enough information for any Defendant to file an answer. Plaintiff is unable to identify any Defendant by name except to state they worked during the first shift. Therefore, it is particularly important for Plaintiff to provide the specific time frames his mail was opened. Without more, Plaintiff cannot proceed with this claim as it is a violation of Rule 8 of the Federal Rules of Civil Procedure.

Second, Plaintiff alleges Macon County Jail staff ignored his knee and back pain. Plaintiff says he has arthritis in his knees, but he was assigned to a top bunk with no ladders for access. Plaintiff complained to medical staff between May and June that climbing in and out of his bed was causing pain to his knees and back, but no action was taken.[1] Plaintiff apparently also filed a grievance concerning the issue, but Defendant Flannery also failed to act.

---

[1] Plaintiff does not provide the year of his allegations, but it appears he is referring to May and June of 2021.

4

Giving Plaintiff the benefit of notice pleading, Plaintiff claims he requested a bottom bunk due to his arthritis pain, but Defendant Flannery and Jane or John Doe Medical Staff ignored his pain. During discovery, Plaintiff must ask Defendants to identify who reviews requests for low bunk permits based on medical need to identify the Doe Defendant.

The Court will dismiss any other intended claim as a violation of Rule 8 of the Federal Rules of Civil Procedure. In addition, while not clear based on the pleading, it does not appear Plaintiff's legal mail claim can be combined with his claim concerning the denial of a low bunk in one complaint. *See George*, 507 F.3d at 607.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Macon County Officer Flannery and Jane or John Doe Medical Staff violated Plaintiff's constitutional rights in May and June of 2021 when the Defendants denied a lower bunk despite Plaintiff's knee and back pain. The claim is against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant the Second Motion for Leave to File an Amended Complaint. [15]; 2) Dismiss Defendant Macon County Jail for failure to state a claim upon which relief can be granted and violation of Federal Rule 8; 3) Add Defendant Flannery and Jane or John Doe Medical Staff; 4) Attempt service on Defendant Flannery; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 17th day of October, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE