UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEREMIAH V. HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-2191 |
| SCOTT FLANNERY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER ON SUMMARY JUDGMENT

Now before the Court is Defendant Scott Flannery's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). (Doc. 28). For the reasons stated below, Defendant's Motion is GRANTED. This case is now closed.

### BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 on July 20, 2021. (Doc. 1). At Merit Review, the Court allowed Plaintiff to proceed on his claim that he requested a bottom bunk permit due to arthritis in his knees and that Defendants Sergeant Flannery and Jane or John Doe Medical Staff ignored his pain. (Doc. 19 at 7).

On March 24, 2023, Defendant Flannery filed a Motion for Summary Judgment. (Doc. 28). On March 27, 2023, the Court issued a notice warning Plaintiff that if he failed to respond within twenty-one days, the Motion would be granted, if appropriate, and the case would be terminated without a trial. (Doc. 29). Plaintiff filed a Notice of Change of Address on April 14, 2023 and April 27, 2023. (Docs. 31 and 33). Defendant mailed a copy of his Motion to Plaintiff each time he moved to another facility. (Docs. 32 and 34). On April 14, 2023, the Court *sua sponte* extended

the deadline for Plaintiff to file a response to Defendant's Motion to May 5, 2023. (d/e 4/14/2023). The Court also directed Plaintiff to provide information concerning his Doe Defendants by May 5, 2023. *Id.* To date, Plaintiff has not identified his Doe Defendants, responded to Defendant's Motion, or requested additional time to do so. Under Local Rule 7.1(D)(2), a failure to respond is deemed an admission of the Motion. CDIL-LR 7.1(D)(2).

## MATERIAL FACTS

At all times relevant to this action, Plaintiff was an inmate under the custody of the Macon County Sheriff's Department and detained at the Jail. (Doc. 20 at 4). Plaintiff was required to file grievances in accordance with the Illinois County Jail Standards, 20 Ill. Admin. Code Part 701, *et seq*. An Inmate Handbook is given to all inmates when they enter the Jail and is also available upon request. (Declaration of Jamie Belcher, Doc. 28-1 at ¶¶ 2-3).

The Inmate Handbook contains a grievance procedure, which was in effect at all relevant times to this lawsuit. (Inmate Handbook, Doc. 28-2; Doc. 28-1 at ¶ 5). The grievance procedure begins with an attempt to informally resolve the matter by correctional staff. *Id*. at ¶ 4. If the inmate deems the informal resolution inadequate, he may submit a written grievance. *Id*. Correctional staff are to issue a written response to the grievance within fourteen business days, absent extenuating circumstances. *Id*. Inmates may appeal the written grievance decision by submitting an appeal to the Jail Superintendent. *Id*.

The Jail maintains inmate files that contain all written grievances each inmate submitted during his incarceration at the Jail, the written responses to those grievances, any appeals to those responses, and any decisions issued on the appeals. *Id*. at ¶ 6. According to the Declaration of Jail Superintendent Jamie Belcher, Plaintiff submitted six written grievances while detained at the Jail between April 13, 2021 and August 23, 2021. *Id*. at ¶ 10; Grievance Records, Doc. 28-3.

Plaintiff's first grievance was dated April 13, 2021. (Doc. 28-1 at ¶ 11.a.). Plaintiff grieved that correctional officers were violating inmates' rights by forcing them out of their cells at 7:00 a.m. and prohibiting them from using the bathroom in their cells based on policies in the Inmate Handbook. *Id*. Plaintiff believed the correctional officers were lying because he has read the Inmate Handbook. *Id*. Additionally, Plaintiff complained that inmates sleep in the dayroom on the floor without their mats, there were not enough phones in the dayroom, and there were no ladders to get into the top bunk. *Id*. Lastly, Plaintiff grieved that he had sensitive skin and could only use Dove and Cocoa Butter Stick, which he was prohibited from purchasing due to his maximum classification restriction. *Id*. Defendant Flannery responded to Plaintiff's grievance on April 19, 2021, stating that Plaintiff's rights had not been violated, the commissary restrictions were accepted by the Illinois County Jail Standards, and Plaintiff's grievance was unfounded. *Id*. There is nothing in Plaintiff's inmate file to suggest that Plaintiff appealed this grievance. *Id*.

Plaintiff's second and third grievances were dated May 7, 2021. *Id*. at ¶ 11.b. Plaintiff again grieved that inmates were required to use the dayroom toilets, he needed Dove and Cocoa Butter Stick for his skin, and there were no chairs or ladders to climb onto the top bunk. *Id*. Plaintiff additionally grieved that he was being charged $20 to see the doctor and for lab work and that he needed an MRI for an injury that happened to the left side of his back. *Id*. Defendant Flannery responded to Plaintiff's grievances on May 13, 2021, stating that the medical charges were proper, the medical department had no record of complaints of a back injury, the commissary restrictions were proper, and Plaintiff's grievance was unfounded. *Id*. There is nothing in Plaintiff's inmate file to suggest that Plaintiff appealed this grievance. *Id*.

Plaintiff's fourth grievance was dated June 21, 2021. *Id*. at ¶ 11.c. Plaintiff's grievance stated that Meghan Morey did not notarize his legal paperwork after he sent request forms,

deprived him of his legal documents, and always had an attitude when she notarized his documents. *Id*. Defendant Flannery responded to Plaintiff's grievance on June 28, 2021, stating that he had a copy of Plaintiff's June 17, 2021 inmate request slip for notarization by a June 23, 2021, deadline, and that Plaintiff's documents were notarized on June 21, 2021. *Id*. Accordingly, Defendant Flannery deemed Plaintiff's grievance to be unfounded. *Id*. There is nothing in Plaintiff's inmate file to suggest that he appealed this grievance. *Id*.

Plaintiff's fifth grievance was dated June 23, 2021. *Id*. at ¶ 11.d. Plaintiff's grievance contained twenty-one numbered issues. The only relevant issue stated: "I have wrote medical about my feet and back and told them they be hurting in these shower shoes . . . ." *Id*. Defendant Flannery responded to Plaintiff's grievance on July 6, 2021, noting, in relevant part, that Plaintiff would be allowed to have tennis shoes if there was a sufficient medical cause, and that Plaintiff's grievance was unfounded. *Id*. There is nothing in Plaintiff's inmate file to suggest that he appealed this grievance. *Id*.

Plaintiff's sixth grievance was dated August 11, 2021. *Id*. at ¶ 11.e. Plaintiff grieved that he had not received his legal mail, his legal mail had been opened, there were not enough television channels, inmates were supposed to get more than fifteen minutes outside, and the phones keep shutting off. *Id*. Defendant Flannery responded to Plaintiff's grievance on August 19, 2021, noting that Plaintiff had received numerous pieces of legal mail, the number of cable television channels is not a grievable matter, the Jail is working to correct the issues with the phones, and Plaintiff's grievance was unfounded. *Id*. There is nothing in Plaintiff's inmate file to suggest that he appealed this grievance. *Id*. Plaintiff did not submit any additional grievances.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant if entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 7477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Id*. at 323-24. Once a properly supported motion for summary judgment is filed, the burden shifts to the non-moving party to demonstrate with specific evidence that a triable issue of fact remains for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). The party opposing summary judgment "must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004).

**EXHAUSTION STANDARD**

Plaintiff is subject to the Prison Litigation Reform Act, which requires an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997(e)(a). *See Kincaid v. Sangamon Cnty.*, 435 F. App'x 533, 536–537 (7th Cir. 2011) (recognizing that the § 1997e(a) exhaustion requirement applies to jail as well as prison grievance procedures). The Seventh Circuit follows a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to follow all the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Id*. The failure to exhaust administrative remedies is an affirmative defense, and the burden of proof rests on Defendants. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

## ANALYSIS

Defendant Flannery argues that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not identify Defendant by name or title or appeal the grievances to the Jail Superintendent. According to the grievance procedure in the Jail,

> Correctional Staff will make every effort to resolve problems in an informal manner. If the inmate deems the resolution to the problem is inadequate, an inmate grievance may be requested and filed. Corrections staff, upon request, will accept inmate request forms with "grievance" written on the subject line and the issue to be grieved in the space provided. In the event a Detainee is unsatisfied with the resolution, Detainees may request a grievance form. Inmate grievance forms are to be submitted on an individual basis. Grievance forms signed by more than one inmate will not be considered valid. The on-duty corrections supervisor will receive the completed grievance forms. Unless an extenuating circumstance prevents it, inmates will receive a written response within fourteen (14) business days of filing the grievance. Inmates may appeal the grievance decision by submitting an appeal to the Jail Superintendent. The decision of the Jail Superintendent is final.

(Doc. 28-2 at 26).

In this case, the grievance procedure was available to Plaintiff at the Macon County Sheriff's Department. Plaintiff submitted six written grievances. (Doc. 28-3). Defendant Flannery responded to Plaintiff's grievances in a timely manner and deemed them unfounded. *Id*. None of Plaintiff's grievances reference Defendant Flannery by name, title, or inference. Plaintiff makes no reference to any date or specific issues with Defendant Flannery in his grievances which would have alerted prison officials and given them a fair opportunity to address any complaints against him. Failing to provide sufficient factual or descriptive information, including the date of the grieved incident, is grounds for the Court to grant summary judgment for failure to exhaust administrative remedies. *See Northern v. Dobbert*, 816 F. App'x 11, 14 (7th Cir. 2020) (inmate failed to exhaust claim of inadequate wound care where grievance "mentioned wound care only once" and only in the context of an example of retaliatory conduct); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (not mentioning a defendant by name or providing information to identify him

is a "fatal defect" for purposes of exhaustion); *Hoskins v. Rueter*, No. 3:20-cv-766-NJR, 2021 WL 4318118, at *5 (S.D. Ill. Sep. 23, 2021) (Plaintiff failed to exhaust where several grievances failed to provide the dates when the incidents occurred).

Additionally, Plaintiff did not appeal any of his grievances to the Jail Superintendent after receiving the responses from Defendant Flannery. What constitutes a proper appeal is determined by the prison, not the offender. *See Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (grievances must contain "the sort of information that the administrative system requires" and that it is "up to the administrators to determine what is necessary to handle grievances effectively."). An inmate who fails to properly take every step of the administrative process regarding grievances has failed to exhaust his remedies." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). Thus, Defendant Flannery's Motion for Summary Judgment is granted.

Defendants Jane or John Doe Medical Staff are dismissed without prejudice based on Plaintiff's failure to identify them by May 5, 2023. (Doc. 27; d/e 4/14/2023).

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies [28] is GRANTED. Defendant Flannery is DISMISSED WITH PREJUDICE. Defendants Jane or John Doe Medical Staff are DISMISSED WITHOUT PREJUDICE. Plaintiff takes nothing. The Clerk is directed to enter judgment and close this case.

2) Although Plaintiff's case has been dismissed, he remains responsible for the remainder of the $350.00 filing fee.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4).

4)      If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. FED. R. APP. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 19th day of July, 2023.

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge